Gloria B. SALTER, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, Anthony J. Principi, Defendant–Appellee.

No. 05–16759.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007 *.

Filed Oct. 29, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Gloria B. Salter, Sacramento, CA, pro se.

Christopher D. Vaughn, Esq., Melville Johnson PC, Atlanta, GA, for Plaintiff–Appellant.

Kendall J. Newman, Office of the U.S. Attorney, Sacramento, CA, for Defendant–Appellee.

Before: WALLACE, KLEINFELD, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Salter appeals from a summary judgment in favor of the United States Department of Veterans Affairs (VA). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

In the summer of 2000, the VA announced an opening for a GS–12 social work coordinator position. Salter, an African–American female, applied for the position, but did not receive it. The VA ultimately awarded the job to a Caucasian female applicant, Martin. Salter alleges that the VA discriminated against her on the basis of race in making this hiring decision.

■ The VA contends that it hired Martin because she was an outstanding applicant. Under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the burden thus fell on Salter to demonstrate that the VA's articulated reason for hiring Martin was a mere pretext for unlawful discrimination. *Id.* She has not met this burden. Salter argues only that Dr. O'Neill, the Chief of Staff in charge of hiring, failed to follow internal VA hiring procedures when he awarded the position to Martin. Salter makes no effort to explain why this alleged failure was racially motivated. In fact, the evidence in the record shows quite the opposite. Dr. O'Neill only awarded Martin the GS–12 position after he awarded a higher GS–13 position, for which she originally applied, to a different African–American applicant. Salter has not explained how this decision was motivated by racial animus. Because Salter has not succeeded on the merits of her non-selection claim, we need not reach the question of whether the VA waived its timeliness objection.

■ Salter also argues that she suffered retaliation after filing an Equal Employment Opportunity complaint on May 25, 2001. She provides several examples of this alleged retaliation including that she:

ed by 9th Cir. R. 36–3.

(1) received a negative evaluation in her mid-year counseling report, (2) received daily 4 p.m. counseling sessions from her supervisor, and (3) failed a second time to receive a promotion to a GS–12 position. The VA contends that these actions were the result of Salter's recalcitrant behavior and inability to work with her supervisors. Faced with this facially non-retaliatory explanation, the burden again shifted to Salter to demonstrate pretext. *See Steiner v. Showboat Operating Co.,* 25 F.3d 1459, 1464–65 (9th Cir.1994). She has not met this burden. Salter admits that none of her supervisors ever made any racially discriminatory comments towards her. The few isolated statements she cites appear innocuous and are not sufficient to demonstrate pretext, particularly in light of the significant evidence in the record showing her to be a difficult employee.

Finally, Salter makes a Title VII hostile workplace claim. To succeed, Salter must demonstrate that her workplace is "permeated with discriminatory intimidation, ridicule, and insult," and that she suffered harassment "a reasonable person would find hostile or abusive." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal citation omitted). Salter admits that no one at her workplace made any racially discriminatory statements, and her remaining examples of alleged harassment fall well short of this standard.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.